SARA R. REID, PLAINTIFF-APPELLEE, v. SAMUEL DUB-
  LIER AND JENNIE DUBLIER, DEFENDANTS-APPEL-
  LANTS.

Submitted July 2, 1914—Decided March 27, 1915.

Where the public records show two separate assignments of the same
    bond and mortgage, it is a natural and proper act for the mort-
    gagor to pay an installment upon the mortgage to the earlier
    assignee of record.

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE, PARKER and KALISCH.

For the appellants, *Heyman & Heyman.*

For the appellee, *Treacy & Milton.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff brought her action against the
defendants to recover the sum of $200 which she claimed was
the amount of an installment due upon a certain bond made
by the defendants on the 15th day of April, 1910, and payable
on the 15th day of January, 1911.

The cause was tried before the court sitting without a jury
and resulted in a judgment in favor of the plaintiff for the
amount claimed.

The facts found by the judge are briefly these:   On the
15th of April, 1910, the defendants executed and delivered to
one Carmine Imbriglio and his wife their bond for $3,500,
and a mortgage on Jersey City real estate, to secure the bond
both of which provided for the payment of interest and an
installment of $200, on account of the principal quarterly,
thus, $200 on the 15th days of July, October, January and
April in each year.

On the 14th of July, 1910, Imbriglio and wife, the mort-

gagees, assigned the bond and mortgage to the Mercantile Trust Company, as collateral security for a loan made to Imbriglio, which assignment was recorded July 18th, 1910, in the Hudson county register's office. The assignment contained a covenant by the trust company, the assignee, to reassign upon payment to it of $2,000 and interest.

Imbriglio collected the interest and installments of principal on the bond and mortgage as they became due on April 15th, 1910, July 15th, 1910, October 15th, 1910, and January 15th, 1911.

On the 13th of January, 1911, Imbriglio and wife assigned the bond and mortgage previously assigned to the Mercantile Trust Company to the plaintiff, which assignment was recorded on the same day, but did not deliver to the plaintiff the bond and mortgage which were then in the possession of the trust company and which remained in its possession until the 20th day of August, 1912.

The defendants had no actual notice of the assignment by Imbriglio to the plaintiff of January 13th, 1911, until the 15th day of April, 1911, when the plaintiff, by her agent, McBride, notified the defendants that the plaintiff had purchased the bond and mortgage and demanded the installment and interest due that day.

The defendants paid the plaintiff interest and installment amounting to $243.50.

In August, 1912, Imbriglio absconded.

On the 20th day of August, 1912, the plaintiff paid to the trust company the balance of the loan due to it from Imbriglio, and on that same day the trust company assigned the bond and mortgage to the plaintiff, which assignment was recorded on the 23d day of August, 1912. The plaintiffs never saw the bond and mortgage until the 20th day of August, 1912.

On the 11th day of September, 1912, the plaintiff notified the defendants that she was the owner of the bond and mortgage. The plaintiff had a search made before she purchased the bond and mortgage from Imbriglio.

It appears that the parties stipulated to waive the statute providing for the foreclosure of a mortgage before the commencement of an action upon the bond.

The controversy between the parties is about the installment of $200 paid by the defendants to Imbriglio on the 15th day of January, 1911, two days after the bond and mortgage had been assigned to the plaintiff. The District Court judge seemed to think that under our statute the recording of the assignment of January 13th, 1911, amounted to notice to the mortgagors, the defendants, who thereafter should have paid to the assignee and accordingly gave judgment for the plaintiff. The trial judge relied on *Mayer* v. *McLoughlin,* 80 *N. J. Eq.* 342, as applicable to the facts of the case under consideration. In this lies the error. For the facts at hand differed from that case in an essential respect. For even though the mortgagor was apprised, constructively, of the assignment by Imbriglio to the plaintiff, the record admittedly showed an earlier assignment of the same mortgage to the trust company. In this posture of affairs it was but a natural act, and a proper one for the mortgagor to pay to the earlier assignee of record. At the time the defendants paid Imbriglio the installment there was still something due to the trust company under the earlier assignment. It was therefore perfectly proper to pay to Imbriglio, the agent of the trust company, who, it appears, had been collecting and receiving the quarterly installments and interest, falling due upon the mortgage, from the time he made the earlier assignment up to and including the last payment made to him, and which is the subject of dispute. The fact that Imbriglio was also the original mortgagee is of no consequence.

These views lead to a reversal of the judgment, and a *venire de novo* will be awarded.